80 F.3d 398
 96 Cal. Daily Op. Serv. 2382, 96 Daily Journal
D.A.R. 3959
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio MAGANA-GUERRERO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juana SANTANA-MOLINA, Defendant-Appellant.
 Nos. 95-50066, 95-50067.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Nov. 14, 1995.*
Decided April 8, 1996.
 
 Morton H. Boren, Los Angeles, California, for defendant-appellant Antonio Magana-Guerrero.
 Judith Rochlin, Los Angeles, California, for defendant-appellant Juana Santana-Molina.
 Erica Kelly Martin, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California, Nos. CR-94-00729-JMI-06, CR-94-00729-JMI-3; James M. Ideman, District Judge, Presiding.
 Before: FARRIS, BRUNETTI and KOZINSKI, Circuit Judges.
 KOZINSKI, Circuit Judge.
 The principal question in these appeals is when lying to a pretrial services officer amounts to an obstruction of justice under the Sentencing Guidelines.
 * The man known to us as Antonio Magana-Guerrero[1] had nine prior convictions when he was arrested in connection with this case: three for selling narcotics, one for possessing narcotics for sale, two for possessing narcotics, and three for driving under the influence. He nevertheless told the pretrial services officer in his bail interview that he had no prior convictions. He pleaded guilty in this case to one count of conspiring to transport and harbor illegal aliens. On advice of counsel, he declined to discuss his criminal history in his presentence interview with the probation officer. The district court sentenced him to a total of 41 months in jail. Because he lied to the pretrial services officer about his prior convictions, and didn't correct his lie when he met with the probation officer, the district court increased his offense level for obstruction of justice and declined a downward adjustment for acceptance of responsibility.
 The woman indicted under the name of Juana Santana-Molina has at least four aliases. She had been deported four times and twice convicted for illegal entry before she was arrested in connection with this case. She, like Magana, pleaded guilty to one count of conspiring to transport and harbor illegal aliens. In her presentence interview with the probation officer, she denied ever having used an alias; she also stated she first entered the United States shortly before her arrest in this case. The district court sentenced her to a total of 18 months in jail. Based on a finding that she had lied to the probation officer about her prior use of aliases and prior entries, the district court, as in Magana's case, increased her offense level for obstruction of justice and refused to decrease it for acceptance of responsibility.
 Magana and Santana appeal these rulings.
 II
 Application note 3(h) to section 3C1.1 of the Sentencing Guidelines[2] specifies that a defendant commits obstruction of justice, warranting a two-level increase in his offense level, if he provides "materially false information to a probation officer in respect to a presentence or other investigation for the court." Santana's case falls squarely within the application note. Her principal argument is that the district court clearly erred in finding that she lied to the probation officer: She claims she simply forgot about her prior use of aliases and misunderstood the probation officer's questions about prior entries. The district court was entitled to infer from the probation officer's testimony, however, that Santana's denials were conscious misrepresentations, particularly in light of her record for lack of candor.[3] The district court therefore did not err in concluding that Santana obstructed justice for purposes of section 3C1.1.
 
 
 1
 Magana, by contrast, doesn't dispute he lied to the pretrial services officer about his prior convictions, or that he failed to correct the lie when he met with the probation officer. His principal contention is that it doesn't matter whether he lied, because the probation officer easily discovered his deception; his lie therefore didn't actually obstruct justice. Under application note 5 to section 3C1.1, however, a lie is "material" where, "if believed," it would tend to influence or affect the issue under determination. Magana doesn't dispute that, had his lie been believed, it could have influenced matters such as his entitlement to bail or his sentence. We have held, moreover, that application note 3(h) doesn't require that a defendant's falsehood actually obstruct justice; an attempt to obstruct, even if thwarted, is sufficient. See United States v. Baker, 894 F.2d 1083, 1084 (9th Cir.1990).
 
 
 2
 Magana counters that application note 3(h), by its terms, reaches only false statements to probation officers, not false statements to pretrial services officers. He also points to application note 4(a) to section 3C1.1, which specifies that providing a false name or identification document "at arrest" doesn't qualify as obstruction of justice, unless this significantly hinders the investigation or prosecution.
 
 
 3
 We have never conclusively resolved whether there must be actual obstruction before providing materially false information to a pretrial services officer will qualify as an obstruction of justice.[4] We start by observing that the application notes to section 3C1.1 are merely examples of the types of conduct that do, and do not, qualify for the enhancement. See U.S.S.G. § 3C1.1, app. notes 3, 4. Therefore the fact that application note 3(h) specifically refers only to probation officers is not dispositive.
 
 
 4
 Indeed, no less than six of the application notes to section 3C1.1 deal with false information supplied by the defendant in one form or another. Four of these don't require actual obstruction of justice, two others do. Compare U.S.S.G. § 3C1.1, app. note 3(b) (attempting to suborn perjury qualifies); app. note 3(c) (attempting to produce a false document during an official investigation or judicial proceeding qualifies); app. note 3(f) (providing materially false information to a judge or magistrate qualifies); app. note 3(h) (providing materially false information to a probation officer in respect to an investigation for the court qualifies), with U.S.S.G., § 3C1.1, app. note 3(g) (providing materially false information to a law enforcement officer qualifies only if doing so "significantly obstructed or impeded the official investigation or prosecution"); app. note 4(a) (providing a false name or identification document "at arrest" qualifies only if doing so "actually resulted in a significant hindrance to the investigation or prosecution").
 
 
 5
 As we see it, what distinguishes the application notes that don't require actual obstruction from those that do is that the former anticipate lack of candor toward the court--including lack of candor "in respect to a[n] ... investigation for the court," U.S.S.G. § 3C1.1, app. note 3(h). Cf. Benitez, 34 F.3d at 1497 n. 6 (recognizing that the application notes to section 3C1.1 "distinguish between false statements that are made to probation officers, which do not need to impede the prosecution or investigation to constitute an obstruction of justice, and those that are made to the police, which do.").[5] It follows that providing materially false information to a pretrial services officer, whose job it is to conduct investigations for the court, constitutes obstruction of justice for purposes of section 3C1.1, without a specific showing that the falsehood actually obstructed justice. See also United States v. Garcia, 69 F.3d 810, 817 (7th Cir.1995); United States v. Restrepo, 53 F.3d 396, 397 (1st Cir.1995); United States v. St. James, 38 F.3d 987, 988 (8th Cir.1994). Magana provided materially false information to a pretrial services officer who was conducting a bail investigation for the district court. Accordingly, Magana obstructed justice for purposes of section 3C1.1.[6]
 
 III
 
 6
 Our conclusion that Magana and Santana obstructed justice goes a long way toward disposing of their arguments that the district court erred in deciding that they failed to accept responsibility: Application note 4 to section 3E1.1 explains that conduct resulting in an enhancement for obstruction of justice ordinarily indicates that the defendant has not accepted responsibility. The application note recognizes, however, that there are "extraordinary" cases in which the district court may award a downward adjustment for acceptance of responsibility while simultaneously imposing an upward adjustment for obstruction of justice. We have held that a case is "extraordinary" for this purpose where the defendant's obstructive conduct "is not inconsistent with acceptance of responsibility." United States v. Hopper, 27 F.3d 378, 383 (9th Cir.1994).
 
 
 7
 Magana argues that his lie to the pretrial services officer about his prior record doesn't disqualify him from an acceptance of responsibility adjustment because he told it before he pleaded guilty, Magana's Opening Br. at 9, and because "that false statement had no bearing on relevant conduct," id. at 11. After he pleaded guilty, though, Magana refused to discuss his prior record with the probation officer, and thus let his lie stand uncorrected. Moreover, Magana provides no support for his assumption that lying about relevant conduct is the only way a defendant may disqualify himself from an acceptance of responsibility adjustment. Application note 1 to section 3E1.1 provides a non-exhaustive list of eight considerations bearing on this issue; only one of these is defendant's truthfulness about his relevant conduct, see app. note 1(a).
 
 
 8
 Magana's reliance on United States v. Khang, 36 F.3d 77 (9th Cir.1994), is misplaced. The defendants there fabricated their motive for committing the crime. Had the district court accepted their story, they would neither have avoided criminal liability nor established a defense to the crime. Id. at 80. Nor would they have been entitled to a lighter sentence under the Guidelines. At most, they might have succeeded in persuading the district court to exercise its discretion in their favor. Of course, almost anything could influence the district court's exercise of discretion; allowing the district court to deny an acceptance of responsibility adjustment on the basis of that type of falsehood would make virtually any lie to the district court the basis for denying the adjustment. Magana, by contrast, completely denied his extensive criminal history. Had his deception prevailed, he would have been entitled to a significantly lower sentence. See U.S.S.G., Ch. 5, Pt. A. Lying with the hope of avoiding a degree of culpability or punishment is the very antithesis of acceptance of responsibility. The district court did not err in taking it into account in denying Magana a downward adjustment.
 
 
 9
 Santana essentially recognizes that she's not entitled to an acceptance of responsibility adjustment unless the district court clearly erred in finding that she lied to the probation officer about her prior use of aliases and prior entries. Santana's Opening Br. at 12; Reply Br. at 4-5. We have already upheld the district court's finding. See p. 5 supra. The cases on which Santana relies are inapposite because there, unlike here, the defendants were not engaged in an ongoing obstruction of justice. See United States v. Booth, 996 F.2d 1395, 1396-97 (2d Cir.1993); United States v. Lallemand, 989 F.2d 936, 937-38 (7th Cir.1993).
 
 
 10
 Magana's sentence is AFFIRMED; his Motion to Augment the Record is DENIED. Santana's sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 Magana has at least 18 aliases; his true name is unknown
 
 
 [2]
 Here and throughout, we're referring to the November 1, 1994, version of the Guidelines
 
 
 [3]
 The district court correctly noted that Santana's denial of prior use of aliases was a sufficient basis in itself for imposing the obstruction enhancement. Santana R.T. 16-17
 
 
 [4]
 Language in United States v. Donine, 985 F.2d 463 (9th Cir.1993), could be read as suggesting no actual obstruction is necessary, but we had no occasion to resolve the issue as we found there was actual obstruction when defendant lied to pretrial services about his record. Id. at 464-65. Similarly, in United States v. Benitez, 34 F.3d 1489 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1268, 131 L.Ed.2d 146 (1995), defendant's lie to a pretrial services officer significantly impeded the investigation and prosecution, id. at 1497, so we had no occasion to decide whether actual obstruction is necessary
 
 
 [5]
 As described above, application note 3(c) provides that attempting to produce a false document "during an official investigation or judicial proceeding" qualifies for the enhancement, even without a showing of actual obstruction. We must interpret this application note's reference to an "official investigation" narrowly, as reaching only official investigations closely associated with judicial proceedings. A broader reading would conflict with application note 4(a), which provides that giving a false identification document "at arrest" only qualifies for the enhancement if it significantly impedes an investigation
 
 
 [6]
 Magana's Motion to Augment the Record is thus denied as moot. Under our ruling, it doesn't matter whether or when the probation officer discovered his lie to the pretrial services officer