108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lamar Duran BAKER, aka "Mario" and "Michael Bernard",
Defendant-Appellant.
 Nos. 95-10500, 95-10501.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 11, 1997.
Decided Feb. 21, 1997.
 
 Before: SCHROEDER, ALARCN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lamar Duran Baker appeals from the 160-month sentence imposed under the United States Sentencing Guidelines (1995) ("USSG") following his guilty plea conviction for conspiracy to transport a minor and transporting a minor into the United States with the intent that she engage in prostitution in violation of 18 U.S.C. §§ 2421 & 2423(a); inducement to travel into the United States to engage in prostitution in violation of 18 U.S.C. § 2422; inducement and transportation of an alien into the United States in violation of 8 U.S.C. § 1324(a)(1)(B) & (D); and as a felon in possession of ammunition in violation of 18 U.S.C. § 922(g).
 
 
 3
 We affirm the district court's assessment of the upward adjustment for Baker's aggravating role in the offense under USSG § 3B1.1(a), and its denial of a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1. We vacate Baker's sentence and remand for resentencing, however, because the district court miscalculated Baker's total offense level when it added the two-level vulnerable victim enhancement to the total offense level rather than to the base offense level for the grouped counts relating to the transportation of the victim. We do not reach Baker's contention regarding the vulnerable victim enhancement, USSG § 3A1.1, because under the correct offense level calculation any such error would be harmless.
 
 
 4
 * The government asserts that Baker waived his right to pursue the present appeal. Although the plea agreement entered between Baker and the government required that Baker "waive his right to appeal any sentence the [c]ourt imposes within the determined guideline range" (A.S.E.R. at 19), the district court stated at sentencing: "Mr. Baker, you have the right to appeal your sentence as just imposed by this court to the
 
 
 5
 United States Court of Appeals, for the Ninth Circuit, by filing a notice of appeal within ten days of the entry of judgment in this case." (Nov. 6, 1995 Tr. at 40.) This statement could have provided Baker with "a reasonable expectation that he could appeal his sentence." See United States v. Buchanan, 59 F.3d 914, 917 (9th Cir.) (concluding that despite waiver of appellate right in plea agreement, district court's oral pronouncement of defendant's right to appeal sentence controls, and waiver is unenforceable), cert. denied, 116 S.Ct. 430 (1995).
 
 
 6
 "Litigants need to be able to trust the oral pronouncements of district court judges. Given the district court judge's clear statements at sentencing, the defendant's assertion of understanding, and the prosecution's failure to object, ... the district court's oral pronouncement controls and the plea agreement waiver is not enforceable." Id. at 918. This appeal is, therefore, properly before us.
 
 II
 
 7
 Baker asserts, and the Government has forthrightly conceded, that the district court incorrectly applied USSG §§ 3D1.1 & 3D1.3 when it added the two-level vulnerable victim enhancement to the total offense level rather than the base offense level for the grouped counts relating to the transportation of the victim resulting in a sentence 23 months higher than the high end of the correct guideline range. The parties urge us to remand to permit the district court to recalculate Baker's sentence. We agree with the parties that the addition of the two-level vulnerable victim enhancement to the combined offense level, rather than to the base offense level applicable to the grouped transportation counts was incorrect under USSG § 3D1.3.
 
 
 8
 Where multiple counts are grouped for sentencing purposes, the guidelines require that all adjustments provided in Chapter Two and Parts A, B, and C of Chapter Three, which includes the vulnerable victim enhancement, be added to the base offense level applicable to the individual group before the offense level of "Group with the highest offense level" is selected as the base for the combined offense level calculation. USSG § 3D1.3. Here, the district court added the vulnerable victim enhancement to the combined offense level of 26, rather than to the offense level for the transportation counts, which was 22.
 
 
 9
 Under the correct calculation, the offense level of 24 for the 922(g) group, is equal to that of the transportation group. Thus, 24 would have provided the base for the combined offense level. In accordance with § 3D1.4(a), two units should then be added to the offense level of 24, for a combined offense level of 26. One unit is added for "the Group with the highest offense level," that is, the 922(g) offense, and a second unit is added for the transportation counts because that Group had an offense level of 24, which is "equally serious or from 1 to 4 levels less serious" that the 922(g) offense level.
 
 
 10
 The combined offense level of 26 is the same as that reached by the district court before it assessed the two-level vulnerable victim enhancement after adding the two units to the offense level of 24, the offense level of the 922(g) group. Had the vulnerable victim enhancement been correctly added to the offense level for the transportation group before calculating the combined offense level, the combined offense level should have remained unchanged at 26. Instead, the court added the two levels to the combined offense level to reach 28. A base offense level of 26 with a criminal history category of V, yields a guideline range of 110 to 137 months. Baker was sentenced to 160 months. Where a miscalculation results in the "imposition of a sentence ... beyond the upper range for [defendant's] correct criminal history category and offense level," the sentence must be vacated and remanded for resentencing. United States v. Mullins, 992 F.2d 1472, 1480 (9th Cir.), cert. denied, 509 U.S. 905, and cert. denied, 510 U.S. 994 (1993). Accordingly, we must vacate Baker's sentence and remand for resentencing.
 
 
 11
 Although we have concluded that remand is required, we reach Baker's contention regarding the district court's denial of the adjustment for acceptance of responsibility because this adjustment is deducted from the combined offense level. See USSG § 3D1.5 comment ("The combined offense level is subject to adjustments from Chapter Three, Part E (Acceptance of Responsibility) and Chapter Four, Part B (Career Offenders and Criminal Livelihood)); USSG § 1B1.1(e) (applying adjustment for acceptance of responsibility after determination of combined offense level). Thus, if Baker was entitled to this adjustment, it would reduce his total combined offense level, and consequently his sentence.
 
 
 12
 Unlike the acceptance of responsibility adjustment, the four-level aggravating role enhancement that Baker challenges is added to the base offense level for the transportation group, not to the combined offense level. Although the aggravating role enhancement does not change the 922(g) offense level, which provides the base for the combined offense level calculation, any change to the transportation group's offense level may vary the unit calculation discussed above. The addition of one unit for the group with the highest offense level remains unchanged. However, the addition of the other unit for the group that is equally serious or between one and four levels less serious would be eliminated if the transportation group's offense level decreases by more than four-levels.
 
 
 13
 By itself, the assessment of the aggravating role enhancement does not affect Baker's guideline range. Because, however, the vulnerable victim enhancement, like the aggravating role enhancement, is added to the base offense level for the transportation group, not to the combined offense level, any determination that the district court erroneously assessed both the two-level vulnerable victim and the four-level aggravating role enhancement would affect Baker's sentencing range.
 
 
 14
 To provide the trial court guidance on remand, we will, therefore, address the aggravating role adjustment. Because we conclude that the district court correctly assessed the aggravating role enhancement, the two-level vulnerable victim enhancement does not change the unit calculation, and therefore, does not impact Baker's sentencing range. Thus, we do not reach the propriety of the vulnerable victim enhancement because any error in its assessment would be harmless.
 
 III
 
 15
 Baker also asserts that the district court improperly determined that a two-level reduction in his combined offense level for acceptance of responsibility under USSG § 3E1.1(a) would be inconsistent with the two-level upward adjustment imposed for obstruction of justice. Because Baker did not raise this objection to his sentence in the district court, we review for plain error. United States v. Ullyses-Salazar, 28 F.3d 932 (9th Cir.1994), cert. denied, 115 S.Ct. 1367 (1995); Fed.R.Crim.P. 52(b). For appellant to prevail under the plain error standard, "[t]here must be an 'error' that is 'plain' and that 'affect[s] substantial rights.' " United States v. Olano, 507 U.S. 725, 732 (1993) (quoting Fed.R.Crim.P. 52(b)).
 
 
 16
 Application Note four to section 3E1.1 provides that an adjustment for obstruction of justice ordinarily indicates that the defendant has not accepted responsibility for his acts, although there may be "extraordinary cases" in which both adjustments may apply. Extraordinary cases are those in which a defendant's "obstructive conduct 'is not inconsistent with acceptance of responsibility.' " United States v. Magana-Guerrero, 80 F.3d 398, 401-02 (9th Cir.) (quoting United States v. Hopper, 27 F.3d 378, 383 (9th Cir.1994)), cert. denied sub nom. Santana-Molina v. United States, 117 S.Ct. 141 (1996). "Cases in which obstruction is not inconsistent with an acceptance of responsibility arise when a defendant, although initially attempting to conceal the crime, eventually accepts responsibility for the crime and abandons all attempts to obstruct justice." Hopper, 27 F.3d at 383.
 
 
 17
 Although a defendant need only truthfully admit the conduct comprising the offense to qualify for an adjustment under § 3E1.1(a), the defendant must also either truthfully admit or not falsely deny any additional relevant conduct for which defendant is accountable. USSG § 3E1.1 comment n. 1(a). "[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." Id. See also Magana-Guerrero, 80 F.3d at 401-02 (rejecting defendant's assertion that a lie to pretrial services regarding criminal history does not prevent adjustment for acceptance of responsibility because the lie occurred before the guilty plea, and concluding that because defendant let the lie stand uncorrected defendant engaged in an ongoing obstruction of justice).
 
 
 18
 At sentencing, the district court assessed a two-level increase in Baker's base offense level for obstruction of justice. The district court determined that Baker had threatened and intimidated his victim prior to her arrival in Hawaii to ensure that she followed through on the plan to travel to Hawaii, and to prevent her from informing the authorities of Baker's acts. (Nov. 6, 1995 Tr. at 20.) Baker does not challenge the obstruction of justice enhancement on this appeal.
 
 
 19
 Baker argues that this is an extraordinary case because Baker's threat was a one-time threat that occurred almost two years before he acknowledged his role in the charged offenses. The district court, however, found that Baker continued to deny his obstructive behavior despite the weight of the evidence. The court, therefore denied the adjustment for acceptance of responsibility based upon this false denial, and the timeliness of Baker's plea,[1] which occurred after the government rested its case in chief. The obstructive behavior that Baker falsely denies is conduct relevant to Baker's offense of conviction under USSG § 1B1.3(a). The district court's basis for denying the two-level reduction for acceptance of responsibility that Baker's continued denial of the threat was ongoing obstructive conduct that was inconsistent with Baker's acceptance of responsibility, did not "[d]eviat[e] from a legal rule." Olano, 507 U.S. at 732-33. Thus, Baker has failed to demonstrate that the district court plainly erred.
 
 IV
 
 20
 Baker also challenges the four-level upward adjustment for his aggravating role in the offense under USSG § 3B1.1(a), asserting that the district court's finding regarding the number of participants was incorrect because these persons were not participants in the "transaction of conviction."
 
 
 21
 We review the district court's application of the guidelines to the facts for an abuse of discretion. See United States v. Petersen, 98 F.3d 502, 505-06 & n. 4 (9th Cir.1996) (discussing the appropriate standard of review after Koon v. United States, 116 S.Ct. 2035, 2045-48 (1996), for the district court's determination that defendant possessed a "special skill" under the guidelines). "This court may affirm the district court on any ground finding support in the record, even if the district court relied on the wrong grounds or wrong reasoning." Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987) (citations omitted)
 
 
 22
 Section 3B1.1(a) permits a four-level adjustment if "defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Baker contends there were only three "transactional participants" identified as involved in the commission of the offense.
 
 
 23
 Irrespective of the number of participants, however, the record supports a finding that the activity was "otherwise extensive." In addition to the three participants that Baker concedes were criminally responsible, the record establishes that to succeed in bringing the victim to Hawaii, Baker employed the unknowing services of, at a minimum, Western Union and American Express in Washington State for money wires, a wire service in Vancouver, a Super 8 motel in Seattle, Washington, Hawaiian Airlines, and telephone companies in the United States and Canada. Baker, while in Hawaii, also communicated regularly with a person in Canada to make the necessary arrangements. Accordingly, the district court did not abuse its discretion when it assessed the four-level enhancement for Baker's role because the record shows he was the leader of an otherwise extensive criminal activity.
 
 
 24
 VACATED AND REMANDED FOR RESENTENCING.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Under 3E1.1(b), a defendant receives an additional one-level reduction for acceptance of responsibility if defendant qualifies for the two-level decrease, the offense level prior to the two-level decrease is level 16 or greater, and
 the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
 1) timely providing complete information to the government concerning his own involvement in the offense; or
 2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.
 USSG § 3E1.1(b). Section (b)'s focus on the timeliness of cooperation or a plea has led us to conclude that the primary focus of section (a) is whether defendant has demonstrated contrition, whereas under section (b), the inquiry focuses on the timeliness of the notice to plead. United States v. Narramore, 36 F.3d 845, 847 (9th Cir.1994) (citing United States v. McKinney, 15 F.3d 849, 852-53 (9th Cir.1994)).