141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Raul Perez GONZALEZ, Defendant-Appellant.
 No. 96-50620.
D.C. No. CR-96-00265-WDK-05.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 2, 1998**.
Decided Mar. 5, 1998.
 
 Appeal from the United States District Court for the Central District of California William D. Keller, District Judge, Presiding.
 Before BRUNETTI, THOMPSON, and T.G. NELSON, Circuit Judges.
 MEMORANDUM*
 Raul Perez Gonzalez was convicted after a plea of guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to a term of ninety-nine (99) months imprisonment.[1] Gonzalez appeals the imposition of a two-level sentencing enhancement for obstruction of justice. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 I.
 Prior to sentencing, appellant submitted to the district court a letter written by himself describing his impoverished background, explaining his role in the offense of conviction, and asking forgiveness for the mistakes he had made. On its own motion, the district court, believing the letter to be untruthful, applied a two-level increase for obstruction of justice pursuant to United States Sentencing Guidelines (U.S.S.G.) § 3C1.1.
 The district court's ruling that a defendant obstructed justice is a factual determination reviewed for clear error. See United States v. Ancheta, 38 F.3d 1114, 1117 (9th Cir.1994). The district court's application of the Sentencing Guidelines to the facts of a particular case is reviewed for abuse of discretion. United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996). We review the district court's interpretation of the Sentencing Guidelines de novo. Id.
 II.
 U.S.S.G. § 3C1.1 mandates a two-level increase in offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." See Ancheta, 38 F.3d at 1118 (emphasis added). "[P]roviding materially false information to a judge or magistrate" is an example of conduct which implicates a § 3C1.1 upward adjustment. See U.S.S.G. § 3C1.1, application note 3(f). " 'Material' evidence, fact, statement, or information, as used in this section, means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, application note 5; see also United States v. Magana-Guerrero, 80 F.3d 398, 400 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 141, 136 L.Ed.2d 88 (1996).
 In order to qualify for the upward adjustment under § 3C1.1, a defendant must "consciously act with the purpose of obstructing justice." United States v. Lofton, 905 F.2d 1315, 1316-17 (9th Cir.), cert. denied, 498 U.S. 948, 111 S.Ct. 365, 112 L.Ed.2d 328 (1990). Here, appellant argues that the letter he submitted to the court was merely an attempt to elicit sympathy, and that the statements contained therein were not meant to have any material affect on his sentence. Appellant further contends that his full acknowledgment of his culpability prior to sentencing precludes the imposition of the obstruction of justice enhancement.
 
 III.
 
 1
 To conclude that appellant obstructed justice, the district court was required to find that appellant submitted a letter which (1) contained a falsehood, (2) relating to a material matter, (3) with willful intent to provide a false statement. United States v. Dunnigan, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993); see also United States v. Robinson, 63 F.3d 889, 891-92 (9th Cir.1995); Ancheta, 38 F.3d at 1118; United States v. Arias-Villanueva, 998 F.2d 1491, 1512 (9th Cir.1993).
 
 
 2
 At his change of plea hearing, appellant admitted that he was given keys by a real estate agent to a residence ("the stash house") which he knew was used to store, count, and weigh cocaine and to store proceeds from the sale of cocaine. Appellant also admitted to being present at the residence and knowingly possessing cocaine, proceeds from the sale of cocaine, and other indicia of cocaine trafficking. In his letter to the judge, on the other hand, appellant stated that he entered into an agreement with an unidentified male to stay at the stash house in exchange for money; that he was only told that he was being left to take care of " 'something' very valuable"; and that he "suspected there was something fishy," but stayed nonetheless because he wanted to make some money. In view of all of the other evidence, the district court did not clearly err in finding that appellant's letter to the court contained lies about appellant's participation in the offense.
 
 
 3
 The lies contained in appellant's letter were material because, if believed, they could have influenced appellant's sentence. See Magana-Guerrero, 80 F.3d at 400. Moreover, in his letter, appellant denied knowledge of the cocaine, which was a material element of the offense to which he plead guilty.
 
 
 4
 The district court did not clearly err in finding that appellant's letter was intentionally false with respect to appellant's role in the offense. Likewise, the district court did not clearly err in finding that the letter was submitted with the intent to influence the court's determination of the appropriate sentence.
 
 
 5
 For the foregoing reasons, we hold that the district court did not abuse its discretion in imposing a two-level enhancement for obstruction of justice.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court alternatively sentenced appellant to eighty-seven (87) months imprisonment in the event that this court were to reverse the district court's finding that appellant obstructed justice