145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Michael BUCHSBAUM, Defendant-Appellant.
 No. 97-10362.
D.C. No. CR-96-00185-VRW.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the Northern District of California, Vaughn R. Walker, District Judge, Presiding.
 Before RYMER, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Buchsbaum appeals his 33-month sentence imposed following his guilty plea to mail fraud, in violation of 18 U.S.C. § 1341. Buchsbaum defrauded nine friends and associates by falsely representing that his family was in need of funds for emergency medical care. Buchsbaum contends that the district court erred by denying him an offense level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We have jurisdiction pursuant to 18 U.S.C. § 1291. We review for clear error, see United States v. Hopper, 27 F.3d 378, 381 (9th Cir.1994), and we affirm.[1]
 
 
 3
 Buchsbaum received an enhancement for obstruction of justice which he does not challenge on appeal. Buchsbaum received that enhancement because, during the criminal investigation of his case, he falsified his whereabouts to a case agent and provided forged documents to support his claim that he borrowed money from the victims for medical procedures.
 
 
 4
 Subsequent to his entering a guilty plea, Buchsbaum was found to be in violation of the terms of his pre-trial release because he had again failed to be candid about his whereabouts and had failed to report his employment and his travel outside the Northern district. In addition, he failed to report to his pre-trial services officer. The sentencing court did not clearly err by subsequently finding that these violations were inconsistent with Buchsbaum's acceptance of responsibility. See Hopper, 27 F.3d at 383 ("[c]ases in which obstruction is not inconsistent with an acceptance of responsibility arise when a defendant ... abandons all attempts to obstruct justice") (emphasis added); United States v. Magana-Guerrero, 80 F.3d 398, 402 (9th Cir.1996) (upholding district court's finding that lie to pre-trial services officer was inconsistent with acceptance of responsibility); cf. United States v. Barnes, 125 F.3d 1287, 1293 (9th Cir.1997) (noting that sentencing court has broad discretion in determining whether defendant's deceit constitutes a material omission amounting to obstruction of justice).[2]
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Citing United States v. Chastain, 84 F.3d 321, 324 (9th Cir .1996), Buchsbaum contends that this court must conduct a de novo review. However, here we are not concerned with the legal question of whether the violation of pre-trial conditions can ever serve as a proper basis for denying acceptance of responsibility, but with the factual question of whether the specific violations committed by Buchsbaum, in light of his initial obstruction of justice, were inconsistent with his acceptance of responsibility. See Hopper, 27 F.3d at 381 (whether case is an extraordinary case justifying simultaneous adjustment for obstruction of justice and acceptance of responsibility is reviewed for clear error)
 
 
 [2]
 The cases on which Buchsbaum relies are inapposite as they do not involve situations where a defendant has obstructed justice. See Magana-Guerrero, 80 F.3d at 402