UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

SETH ABLE BOWERS,
  *Defendant-Appellant.*

No. 02-4665

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-02-4)

Submitted: February 27, 2003

Decided: March 18, 2003

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Robert E. Barrat, Martinsburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Robert H. McWilliams, Jr., Assistant United States Attorney, Randolph J. Bernard, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Seth Able Bowers pled guilty to possession of a firearm by an unlawful drug user, 18 U.S.C. § 922(g)(3) (2000), and was sentenced to a term of fifty-four months imprisonment. Bowers contests his sentence, arguing that the district court abused its discretion by penalizing him three times for the same conduct by making an adjustment for obstruction of justice, *U.S. Sentencing Guidelines Manual* § 3C1.1 (2001), denying him an adjustment for acceptance of responsibility, USSG § 3E1.1, and imposing a sentence above the low point of the guideline range. We affirm.

Bowers was released on bond after his indictment but, shortly before his guilty plea, he was arrested after he was stopped for speeding, gave a false name, and was found to be driving with a revoked license. A few days later, he overdosed on heroin and was hospitalized. In his interview with the probation officer following his guilty plea, Bowers failed to disclose his recent arrest or overdose. He subsequently failed to report to the probation officer as directed and disappeared. He was located and arrested a month later and his bond was revoked.

We first note that conduct may be considered under more than one guideline provision unless such double counting is expressly forbidden by the guidelines. *United States v. Crawford*, 18 F.3d 1173, 1179-80 (4th Cir. 1994). In Bowers' case, the district court was permitted to consider his conduct under each guideline that it applied.

We review the district court's factual determination that a defendant obstructed justice for clear error. *United States v. Hudson*, 272 F.3d 260, 263 (4th Cir. 2001). The adjustment applies when a defendant has provided "materially false information to a probation officer in respect to a presentence report," and when the defendant has escaped or attempted "to escape from custody before trial or sentencing." USSG § 3C1.1, comment. (n.4(h), (e)). Lying to a probation officer about drug use while on pre-trial release does not constitute conduct warranting this adjustment. *Id.* at comment. (n.5(e)).

Under Application Note 5, Bowers' false assertion that he had not used drugs and failure to disclose his heroin overdose cannot be treated as obstruction of justice within the meaning of § 3C1.1. However, providing false information concerning prior criminal conduct may be treated as obstruction of justice, *United States v. Magana-Guerrero*, 80 F.3d 398, 400-01 (9th Cir. 1996); *United States v. Thomas*, 11 F.3d 1392, 1399-1401 (7th Cir. 1993), and the district court may infer that a defendant's failure to disclose relevant information is a conscious misrepresentation if circumstances so indicate. *Magana-Guerrero*, 80 F.3d at 400 (defendant failed to disclose prior use of aliases and convictions for illegal entry).

Moreover, Bowers' failure to report to the probation officer and his disappearance required that time and effort be expended to find and arrest him and to revoke his bond at a hearing before the district court judge. On these facts, we conclude that the district court did not clearly err in finding that he had obstructed justice. *See United States v. Witherell*, 186 F.3d 1343, 1345 (11th Cir. 1999) (defendant obstructed justice by failing to comply with conditions of bond, thus necessitating her arrest, a revocation hearing, and a detention hearing).

Pursuant to the commentary in Application Note 4 to § 3E1.1, a defendant who engages in conduct resulting in an adjustment for obstruction of justice is not entitled to an adjustment for acceptance of responsibility unless his is an "extraordinary case." Bowers failed to demonstrate any extraordinary circumstances in the district court and has not done so on appeal. Having found that Bowers obstructed justice, the district court did not clearly err in refusing to reduce his sentence for acceptance of responsibility. *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999) (setting out standard of review).

The district court's exercise of its discretion as to where it will impose sentence within a properly calculated guideline range is not generally reviewable on appeal. *United States v. Speed*, 53 F.3d 643, 647 (4th Cir. 1995). Bowers claims that the district court departed upward when it imposed a sentence of fifty-four months instead of imposing sentence at the bottom of the guideline range because the government had agreed to, and did, recommend a sentence at the bottom of the range. However, under the terms of the plea agreement, the

government's recommendation was not binding on the court. The court did not depart from the guideline range. Rather, it imposed a sentence within the range in a proper exercise of its discretion.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*