**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Frank O. ECKARD, Defendant—
Appellant.**

No. 02–50259.
D.C. No. CR–00–00048–DOC.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 16, 2003.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM**

Frank Eckard appeals his 27–month sentence imposed after he pleaded guilty to making false statements to a federally-insured lending institution, in violation of 18 U.S.C. § 1014. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ We reject Eckard's contention that the district court erred by excluding the interest payments he made prior to defaulting on the loan from Home Savings of America ("HSA") in calculating the loss caused by his offenses under U.S.S.G. § 2F1.1. *See United States v. Clayton,* 108 F.3d 1114, 1118 (9th Cir.1997) (reviewing district court's loss calculation for clear error). Because the district court calculated the loss using only the unpaid principal,

payments that Eckard "made towards interest cannot be considered as repayments made on the loan." *See United States v. Allen,* 88 F.3d 765, 771 (9th Cir.1996).

■ We also reject Eckard's contentions that the district court never determined the exact amount he repaid on the HSA loan prior to default, and that the government's evidence of loss was unreliable and lacked an adequate foundation. *See United States v. Tank,* 200 F.3d 627, 630 (9th Cir.2000) (reviewing for an abuse of discretion district court's finding that evidence is supported by a proper foundation and holding that "[t]he government need only make a prima facie showing of authenticity" to render evidence admissible under Fed.R.Evid. 901(a)) (internal quotation omitted). The record shows that (1) the government made an adequate foundational showing of the authenticity of HSA's computerized loan transaction registers, and (2) the district court properly determined the loss amount based on these documents. *See id.* at 630–31.

■ Moreover, because we conclude that the district court correctly calculated the losses that HSA and World Savings Bank incurred due to Eckard's offenses, we affirm the district court's restitution order. *See United States v. Pizzichiello,* 272 F.3d 1232, 1240 (9th Cir.) (reviewing for an abuse of discretion district court's restitution order and for clear error the underlying factual findings), *cert. denied,* —— U.S. ——, 123 S.Ct. 206, 154 L.Ed.2d 84 (2002).

■ The district court did not err by enhancing Eckard's offense level two points for obstruction of justice under U.S.S.G. § 3C1.1. *See United States v. Ancheta,* 38 F.3d 1114, 1117 (9th Cir.1994)

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(reviewing for clear error district court's factual finding that defendant obstructed justice within the meaning of U.S.S.G. § 3C1.1). The record amply supports the district court's finding that Eckard submitted materially false documents to the probation officer and the court in an effort to reduce his sentence. *See United States v. Magana–Guerrero*, 80 F.3d 398, 400 (9th Cir.1996) (a false statement "is material where, if believed, it would tend to influence or affect the issue under determination") (internal quotations omitted).

■ Finally, the district court properly declined to reduce Eckard's offense level for acceptance of responsibility because "conduct resulting in an enhancement for obstruction of justice ordinarily indicates that the defendant has not accepted responsibility." *See id.* at 401. Nor is this an "extraordinary" case in which a downward adjustment for acceptance of responsibility is justified despite Eckard's obstructive conduct. *See id.* at 402 ("Lying with the hope of avoiding a degree of culpability or punishment is the very antithesis of acceptance of responsibility.")

Accordingly, we affirm the district court's judgment.

**AFFIRMED.**