UNITED STATES of America,
Plaintiff—Appellee,

v.

Richard Raymond RUPPERT,
Defendant—Appellant.

No. 03–10126.
D.C. No. CR–01–00242–LRH.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2003.*

Decided Dec. 4, 2003.

Sharon Lever, USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Anne R. Traum, Federal Public Defenders Office, Las Vegas, NV, for Defendant–Appellant.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM**

Richard Raymond Ruppert appeals from his sentence following his guilty plea to one count of wire fraud in violation of 18 U.S.C. § 1343, challenging the district court's imposition of a two-level increase for obstruction of justice and the amount of restitution. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the increase for obstruction of justice and remand for a recalculation of the restitution amount.

The district court did not clearly err in finding that Ruppert obstructed justice under U.S.S.G. § 3C1.1. *See United States v. Jimenez*, 300 F.3d 1166, 1170 (9th Cir. 2002). Ruppert willfully provided materially false information to the judge and pretrial services about his car (which secured his bond), his unapproved travel, and his failure to attend the victims' depositions. There is no requirement that actual obstruction have occurred when material false statements are made to pretrial services officers. *See United States v. Magana–Guerrero*, 80 F.3d 398, 400–01 (9th Cir.1996).

Further, it was not error to order restitution in the full amount of the victims' financial loss, because Ruppert had yet to pay anything to the victims despite the outstanding civil judgment in state court. Any amount that he subsequently does pay will be offset against the restitution order. *See* 18 U.S.C. § 3664(j)(2)(B). The government concedes that the restitution amount should be offset by the amounts Ruppert paid to the victims as "lulling" payments. We remand for the recalculation of the restitution amount, reduced by any amounts actually paid to the victims to lull them into believing the investment plan was genuine.

AFFIRMED IN PART AND REMANDED IN PART.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.