UNITED STATES of America,
Plaintiff—Appellee,

v.

Benjamin QUINONEZ, aka Benjamin
Quinonez Jusio, Defendant—
Appellant.

No. 03–30229.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 2005.

Filed Jan. 20, 2006.

Michael Joseph Fica, Pocatello, ID, for Plaintiff—Appellee.

David V. Balakian, Balakian Law Offices, Fresno, CA, for Defendant—Appellant.

Before: SCHROEDER, Chief Judge, ALARCÓN and LEAVY, Circuit Judges.

## MEMORANDUM *

Benjamin Quinonez appeals from the 480-month sentence imposed following his guilty plea to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and forfeiture under 21 U.S.C. § 853. He contends that the district court committed errors in determining his sentence, and that he suffered ineffective assistance of counsel for his attorney's failure to object to the district court's findings. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and remand in part.

### A. *Sentencing Determinations*

#### 1. *Enhancement for Obstruction of Justice*

Quinonez contends that the district court erred in finding that he obstructed justice in his testimony regarding material issues, resulting in a two-level sentencing enhancement. Under U.S.S.G. § 3C1.1, a district court may impose an enhancement on a defendant who "willfully obstructed or impeded ... the administration of justice during the course of the investigation,

prosecution, or sentencing of the instant offense of conviction." Under Application Note 4, one example of conduct to which the enhancement applies is perjury. U.S.S.G. § 3C1.1, cmt. n. 4. To find perjury, the district court must find that the defendant's testimony was false, material, and willful. *See United States v. Shannon,* 137 F.3d 1112, 1119 (9th Cir.1998). A district court's determination that a defendant obstructed justice pursuant to U.S.S.G. § 3C1.1 is a factual determination that we review under the clearly erroneous standard. *Id.*

Here, the district court found that Quinonez willfully perjured himself and that the testimony was material. Specifically, the district court found that Quinonez committed perjury when he testified that he was not transporting and receiving drugs in the wheels of cars and using a storage unit and car repair service as a front for drug dealing. The court noted that Quinonez' testimony was contradicted by several credible witnesses. Quinonez' primary argument is that his lies were not material. However, his statements relate directly to the source and the transfer of money, marijuana, and methamphetamine. The district court made appropriate and specific findings in support of this sentencing enhancement. The findings are supported by evidence in the record and are not clearly erroneous. *See United States v. Morgan,* 238 F.3d 1180, 1187 (9th Cir. 2001).

#### 2. *Acceptance of Responsibility*

Quinonez next contends that the district court erred in determining he was not entitled to a three-level reduction for acceptance of responsibility pursuant to

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

U.S.S.G. § 3E1.1. Ordinarily, a defendant who receives an obstruction of justice enhancement is not eligible for a reduction for acceptance of responsibility. U.S.S.G. 3E1.1, cmt. n. 4; *United States v. Magana–Guerrero,* 80 F.3d 398, 401–02 (9th Cir. 1996). Quinonez attempted to minimize or deny his involvement and did not accept responsibility for the conduct underlying all charges. The district court's finding that Quinonez was not entitled to any reduction for acceptance of responsibility was not clearly erroneous. *See United States v. Wilson,* 392 F.3d 1055, 1062–63 (9th Cir.2005).

### 3. *Grouping of Offenses*

Quinonez next contends that the district court erred in grouping the applicable counts of conviction for purposes of determining his sentencing guidelines offense level. We review de novo a district court's refusal to group offenses under the sentencing guidelines. *See United States v. Gastelum–Almeida,* 298 F.3d 1167, 1174 (9th Cir.2002). Although it is arguable that the district court did not articulate the grouping of the drug trafficking and money laundering offenses, the end result of the district court's calculation of an offense level of 42 is the same. The guidelines state that the offense guideline that produces the highest offense level applies. U.S.S.G. § 3D1.3. In this case, the money laundering offense under U.S.S.G. § 2S1.1 produced the highest offense level. Quinonez was not sentenced to a higher offense level than the level provided in the guidelines.

### 4. *Relevant Drug Quantities*

Quinonez finally contends that the district court erred in determining the drug quantities by considering transactions removed in time. We review de novo whether a district court's method of determining the relevant drug quantity conforms to the sentencing guidelines, and we review the district court's factual findings for clear error. *United States v. Rosacker,* 314 F.3d 422, 425 (9th Cir.2002).

■ The district court did not err in determining the relevant drug quantity. The district court did not follow the higher recommendation of drug quantity stated in the Presentence Report, but instead relied upon what it considered "hard evidence," including the drugs seized in the storage unit and the drugs seized at the border. The district court also estimated the drug quantity by relying on the testimony of Mr. Gutierrez and various law enforcement officers. The court found that this testimony provided a reliable evidentiary basis. *Id.* at 426. The district court did not include drug transactions distant in time. The district court stated it gave the Quinonez "the benefit of the doubt" and "the most conservative estimate I could ever justify here."

### B. *Ineffective Assistance of Counsel*

Quinonez contends that he suffered ineffective assistance of counsel for his attorney's failure to object to the district court's sentencing determinations. Claims of ineffective assistance of counsel are generally inappropriate on direct appeal. *See United States v. McKenna,* 327 F.3d 830, 845 (9th Cir.2003). Moreover, the record reveals that the district court scrutinized several factual and legal sentencing issues over the course of a three-day sentencing hearing, then made its final sentencing determinations. What Quinonez claims as ineffective assistance of counsel has not resulted in the waiver of any right on appeal. We have reached the merits of Quinonez' arguments on appeal. Quinonez fails to provide authority, and we find none, holding that counsel's failure to ob-

ject to the court's final determinations constitutes ineffective assistance of counsel.

## C. *Limited Remand*

■ Quinonez was sentenced prior to the instruction by the Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) that the Sentencing Guidelines are not mandatory. We remand to the district court so that the parties may notify it whether it should resentence Quinonez pursuant to the procedure set forth in *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

**AFFIRMED IN PART; REMANDED IN PART.**