**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Max Clark TANNER, Defendant–
Appellee.**

**No. 06–10107.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Oct. 1, 2007.

Alan Hechtkopf, Esq., U.S. Department of Justice, Washington, DC, Robert L. Ellman, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellant.

Before: NOONAN, COX *, and PAEZ, Circuit Judges.

MEMORANDUM **

## I. INTRODUCTION

Defendant Max Clark Tanner was convicted, following a jury trial, of conspiracy to commit securities, mail, and wire fraud in connection with the purchase and sale of securities, in violation of 18 U.S.C. § 371 (2000), along with substantive counts of securities fraud (one count), mail fraud (four counts), wire fraud (eight counts), money laundering (twenty counts), filing

* The Honorable Emmett Ripley Cox, Senior United States for the Eleventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

false tax returns (two counts), and tax evasion (one count). The district court sentenced Defendant to 96 months' incarceration. This court affirmed the convictions, but remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), without addressing the Government's argument that the district court had incorrectly calculated the sentencing guidelines. *See United States v. Tanner*, 121 Fed. Appx. 213 (9th Cir.2005). On remand, the district court imposed the same sentence. The Government appeals the sentence. We vacate and remand for resentencing.

## II. BACKGROUND AND PROCEDURAL HISTORY

The district court declined to impose a two-level increase under U.S.S.G. § 3C1.1 for obstruction of justice. (EOR 867–68.) The district court also rejected Probation's recommendation of a multiple group enhancement, a two-level increase. (EOR 868.) After consideration of enhancements, but before consideration of a downward departure, the district court determined Defendant's offense level to be 32. (EOR 908–09.) The district court departed downward three levels, to level 29, on its finding that Defendant's conduct was outside the money laundering heartland. (EOR 909.) Level 29 corresponded to a range of 87–108 months.

On remand, the district court stated:

[T]he Court is not convinced that it would have issued a sentence different from that which was actually imposed given the totality of the circumstances of the case. While the Ninth Circuit did withdraw its finding that they could not find my sentencing decisions unreasonable and they sent it back to me for *Ameline* purposes, I do not find any reason to—to change the sentence that was imposed. In looking at the situation

with Mr. Tanner, I felt that the amount of time that he was sentenced to, 96 months, was completely adequate and reasonable and complied with all of the sentencing factors of the federal sentencing statute.

(EOR 1016.) Based on the remand instructions, the district court answered the question posed by this court in light of *Booker*. We now review whether the district court correctly calculated the advisory Sentencing Guidelines range.

## III. STANDARD OF REVIEW

The prior appeal was decided soon after *Booker*, when procedures for handling post-*Booker* sentences were unclear. *See Tanner*, 121 Fed.Appx. 213. Since then, the court has decided what such procedures should be. *See United States v. Cantrell*, 433 F.3d 1269 (9th Cir.2006); *see also United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). We must decide whether the district court correctly calculated the Guidelines range, and if we find "that the sentence resulted from an incorrect application of the Sentencing Guidelines, and further that the error in application was not harmless," we will remand for resentencing. *Cantrell*, 433 F.3d at 1279. We continue to review "the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005).

## IV. DISCUSSION

 We conclude that the district court erred in calculating the guidelines sentence by refusing to apply the obstruction

and grouping enhancements.[1] In light of our conclusions, we remand for resentencing, without addressing the issue of reasonableness.[2] *See Cantrell,* 433 F.3d at 1279.

### A. The Sentencing Guidelines Calculation

#### 1. The Obstruction Ruling

U.S.S.G. § 3C1.1 states, "If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels." In its ruling denying this enhancement, the district court referenced three acts: Defendant's instructing Kevin Ruggiero, co-conspirator Dennis Evans, and his tax return preparer, Ronald Drake, to lie. The district court found that "the effect of the suggested answers to the IRS and to investigatory bodies was minimal at most." (EOR 867–68.)

The Government argues that the district court erred in not applying this enhancement. Specifically, the Government argues that Defendant instructed Ruggiero to testify falsely during his SEC deposition. Also, the Government states that Defendant attempted to unlawfully influence Evans's statements in his IRS interview. Finally, the Government notes that Drake testified that Defendant instructed

him to create a false explanation for his amended tax return.

#### (a) Ruggiero and Evans

The district court accepted Defendant's argument that for the obstruction enhancement to be based on his instruction to Evans to lie, the Government must demonstrate that Evans's false statements to investigators *actually and significantly* impeded the investigation. The Government, however, correctly argues that U.S.S.G. § 3C1.1, Application Note 4(g) does not apply to Defendant's lies to law enforcement. In *United States v. Collins,* 90 F.3d 1420, 1429–30 (9th Cir.1996), this court held that where a defendant instructs others to provide false statements to law enforcement officers, the correct application of § 3C1.1 is not under Application Note 4(g) but Note 4(a). Under 4(a), "it does not matter that, in the end, [the defendant's] unlawful influence scheme fooled no one, he still obstructed justice." *Id.* at 1430 (analyzing the Application Notes to § 3C1.1 under the old numbering system, when what are now Notes 4(a) and 4(g) were 3(a) and 3(g)).

Defendant's instruction to Ruggiero to lie to the SEC also warranted the enhancement. U.S.S.G. § 3C1.1, Application Note 4(b), covers attempts to promote perjury, which does not require that the obstructive conduct affect the investigation. *See United States v. Magana–Guerrero,* 80 F.3d 398, 401 (9th Cir.1996) (analyzing the Application Notes to § 3C1.1 under the old

---

1. The Government also argues that the district court erred at the resentencing hearing by stating that the U.S.S.G. § 3B1.1 enhancement for being a leader or organizer "probably would not be applied now." (EOR 1031.) But, the district court did not recalculate the guideline sentence at the resentencing hearing. Hence, this enhancement remained a part of the guideline calculation.

2. We construe the Government's challenge to the district court's pre-*Booker* downward departure as part of its challenge to the overall reasonableness of the sentence. *See United States v. Mohamed,* 459 F.3d 979, 986–87 (9th Cir.2006).

numbering system, when what are now Notes 4(a) and 4(g) were 3(a) and 3(g)).

### (b) Ronald Drake

Defendant filed a 1997 return that reported he had no taxable income. (Trial Transcript, "Testimony of Ronald Drake and Thomas Warren," 11/05/01 at 10.) After a search warrant was executed on his office, Defendant filed an amended return that reported $767,000 in income. (*Id.* at 19.) Defendant included a narrative statement, written by Drake. The narrative stated that the amended return was initiated prior to execution of the search warrant and that the amended return was not completed until after the search because of scheduling conflicts. (*Id.* at 20–24.) Defendant's actual 1997 income was over $3.6 million. (PSR 21.) Drake testified that Defendant told him to create the false explanation for the amended return so "that it would appear better to the IRS." (Trial Transcript, "Testimony of Ronald Drake and Thomas Warren," 11/05/01 at 23.) Defendant was convicted of filing a false 1997 return. (Count 36.)

"Impermissible double counting occurs only when 'one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines.'" *United States v. Alexander*, 48 F.3d 1477, 1492 (9th Cir.1995) (quoting *United States v. Reese*, 2 F.3d 870, 895 (9th Cir.1993)). The applicable guidelines are U.S.S.G. §§ 2T1.1 and 2T4.1. Here, Defendant influencing Drake to create a false explanation involved an action separate from tax fraud. Defendant enlisted Drake to obstruct discovery of his tax fraud by the IRS. This obstruction is "separate and distinct" from the "obstruction of the collection of revenue." *United States v. Sabino*, 307 F.3d 446, 451 (6th Cir.2002). Concerning this

enhancement, the district court misconstrued the guidelines and abused its discretion in applying the sentencing guidelines to the facts.

### 2. The Group Ruling

█ In its initial ruling, the district court found that the Maid Aide stock fraud offenses and the tax offenses were part of a continuous course of criminal activity and grouped all 37 counts into a single group. (EOR 868.) The district court declined to apply the two-level increase under U.S.S.G. § 3D1.4. The Government contends that the district court erred in grouping all 37 counts into one group.

The district court indicated that it based its ruling on U.S.S.G. § 3D1.2(d), which states that grouping is appropriate "[w]hen the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature." But this provision does not authorize the grouping of the money laundering and tax counts.

First, the Maid Aide stock fraud offenses and the tax offenses were not part of a single continuous course of criminal activity. The stock fraud offenses encompassed Defendant's involvement in the telemarketing fraud involving Ruggiero and a boiler room of brokers. (EOR 894.) The tax offenses were discrete events, based on Defendant's individual filing of false tax returns. (PSR 13.) Second, two of the three tax offenses (Counts 35 and 36) did not involve the Maid Aide fraud, but involved Defendant's failure to report and pay tax on legal source income received in 1996 and 1997. (*Id.*) Section 3D1.2 permits the grouping of closely related counts. *United States v. Lopez*, 104 F.3d 1149, 1150 (9th Cir.1997). But here, of the $10,029,908 in unreported income that was

the subject of Counts 35, 36, and 37, only $2,158,208 related to the Maid Aide fraud. The two offenses should not have been grouped.

### B. Harmless Error Analysis

Defendant contends that any errors in the computation of the guideline sentence are harmless. A district court's application of the sentencing guidelines "is subject to harmless error analysis, and no remand is required if 'the error did not affect the district court's selection of the sentence imposed.'" *United States v. Mendoza*, 121 F.3d 510, 513–14 (9th Cir. 1997) (quoting *Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112, 1120, 117 L.Ed.2d 341 (1992)). "If the party defending the sentence persuades the court of appeals that the district court would have imposed the same sentence absent the erroneous factor, then a remand is not required." *Williams*, 503 U.S. at 203, 112 S.Ct. at 1121. While the issue is not free of doubt, Defendant has not carried his burden to demonstrate that "it is more probable than not" that the district court's errors in computing the guideline sentence did not affect selection of the sentence imposed. *United States v. Gonzalez–Flores*, 418 F.3d 1093, 1099 (9th Cir.2005).

## V. CONCLUSION

For the foregoing reasons, the sentence is vacated, and we remand to the district court for resentencing following a computation of the guideline sentence consistent with this disposition.

SENTENCE VACATED; REMANDED FOR RESENTENCING.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*