**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Michael Thomas COLACE,
Defendant–Appellee.**

**No. 96–50436.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 1997.

Decided Oct. 10, 1997.

Benjamin Jones and Miriam A. Krinsky, Assistant United States Attorneys, Los Angeles, California, for plaintiff-appellant.

Guy C. Iversen, Deputy Federal Public Defender, Los Angeles, California, for defendant-appellee.

Before: BROWNING, FLETCHER and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge.

We journey into the twilight zone of the Sentencing Guidelines and explore the outer limits of the district court's authority to depart downward on account of aberrant behavior.

## I

Defendant Michael Thomas Colace committed at least twelve separate bank robberies over a two-month period.[1] He entered a plea to seven counts of armed robbery which, given his lack of criminal history, resulted in a sentencing guideline range of 87 to 108 months. The district court, however, found that Colace's behavior was aberrant and departed downward to five years probation, community service and no time in custody. The government appealed and, in an unpublished memorandum, we noted that Colace was convicted of a Class B felony, and that under the "plain terms of 18 U.S.C. § 3561(a)," Class B felons must be sentenced to a term of imprisonment. *United States v. Colace,* 9 F.3d 1554 (Table) (9th Cir.1993). Because Colace's noncustodial sentence was illegal, we remanded for resentencing.

On remand, the district court continued sentencing for some two-and-a-half years, all that time allowing Colace to remain at liberty. Colace eventually fled and a bench warrant was issued for his arrest. Eight months later, Colace was arrested entering the United States from Mexico and was finally brought before the district court for resentencing. The court still felt that Colace only merited probation:

> I still believe that this is a case of aberrant behavior, and I do it on the basis that these were his first criminal convictions. He never harmed any of the tellers. He was under extreme pressure from losing his job, his wife and his children. He was not thinking clearly due to heavy drug use. I received numerous letters expressing shock at Mr. Colace's behavior. He immediately returned to normal after being arrested and his track record certainly from at least upon his arrest and at least up until the time of this sentence has been exemplary.

Sentencing Tr., July 1, 1996, p. 8. Acknowledging there was, after all, a small blemish on defendant's exemplary record, the district court exonerated the defendant: "I also feel that his flight [to Mexico] was due to, I think, pressures that were put on him by the Government's position in the case from the very beginning." *Id.* The district court again decided to depart downward and reinstated its earlier noncustodial sentence.

Two days later, Colace's able lawyer, Guy C. Iversen, submitted Proposed Findings of Fact and Conclusions of Law. Pursuant to this document, which the district court signed, defendant was sentenced to six months in prison (time served) and five years probation, which worked out to be a nineteen level departure from the Sentencing Guidelines. The government again appeals.

## II

■ We must first consider which sentence to review. The government insists

---

1. Colace was initially indicted on-and confessed to-ten counts of bank robbery. He pled guilty to seven; charges were dropped on the other three. Two other bank robberies were never charged, but Colace conceded in his plea agreement that

"the Court may consider these two unindicted counts of armed bank robbery in determining the sentence." *See United States v. Saldana,* 12 F.3d 160, 163 (9th Cir.1993).

that Colace's second sentence-the one described in the Findings of Fact and Conclusions of Law-is invalid and irrelevant because the oral sentence pronounced in open court must prevail over a later written one. Colace admits he was sentenced in open court but argues that the written document entered a few days later was a sentence correction authorized by Fed.R.Crim.P. 35.

■ It is true that once a sentence is imposed, the district court may only modify it in very limited circumstances. *See United States v. Portin*, 20 F.3d 1028 (9th Cir.1994). Generally a sentence is deemed imposed when it is announced by the district judge in open court; however, Rule 35(c) provides that the court, acting within seven days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical or other clear error. This rule authorized the district court's sentence correction here. Given our earlier ruling in this very case that Class B felons had to serve prison time, imposition of a wholly probationary sentence (as the judge did in open court) was clear error, and the correction occurred within the seven days Rule 35(c) allows. Such corrections can be made sua sponte or on motion of one of the parties. Fed.R.Crim.P. 35 Advisory Committee's Notes on 1991 Amendment.

■ Citing *United States v. Hicks*, 997 F.2d 594, 597 (9th Cir.1993), and *United States v. Garcia*, 37 F.3d 1359, 1368 (9th Cir.1994), the government nonetheless argues that when an unambiguous oral pronouncement of a sentence conflicts with a written one, the oral pronouncement controls. This is certainly true when the oral sentence is legal. *See United States v. Munoz–Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974) ("[T]he interests of justice ... require strict adherence to the axiom that an unambiguous oral pronouncement of a *legal* sentence must control.") (emphasis added). But when the oral sentence is illegal, the correction procedure of Rule 35(c) applies, and the correction supersedes the erroneous oral sen-

tence. *Cf. United States v. Edmonson*, 792 F.2d 1492, 1496 n. 4 (9th Cir.1986). Therefore, we conclude that Colace's second sentence—time served plus five years probation—is the one we must review on appeal.

## III

■ The Sentencing Guidelines allow district courts to depart from the suggested sentencing range in order to account for factors not adequately addressed within the Guidelines themselves. *See* 18 U.S.C. § 3553(b). One such factor is a determination that the defendant's behavior was aberrant. *See United States Sentencing Commission Guidelines Manual*, Ch.1, Part A, Introduction para. 4(d).

■ The district court here plummeted a dizzying nineteen levels below the floor of the applicable sentencing range based entirely on its determination that Colace's behavior was aberrant. In justifying this massive departure, the court relied on a number of factors, such as Colace's heavy drug use, marital problems, unemployment and lack of criminal record. The court also looked to the numerous letters it received expressing shock at Colace's behavior and the (pre-flight) psychiatric report indicating that Colace was unlikely to repeat his criminal conduct. We have held that there is an "aberrant behavior spectrum" in determining when the aberrant behavior departure should apply. *United States v. Takai*, 941 F.2d 738, 743 (9th Cir. 1991). Courts may consider a "convergence of factors" and should take into account the "totality of circumstances" when considering where a defendant's behavior falls along the spectrum and whether to grant a downward departure. *United States v. Fairless*, 975 F.2d 664, 667 (9th Cir.1992).[2] But there is a limit; when all is said and done, the conduct in question must truly be a short-lived departure from an otherwise law-abiding life.

We have approved aberrant behavior departures when the criminal conduct in ques-

---

**2.** Factors have included: (1) the singular nature of the criminal act, (2) spontaneity and lack of planning, (3) the defendant's criminal record, (4) psychological disorders the defendant was suffering from, (5) extreme pressures under which the defendant was operating, including the pressure of losing his job, (6) letters from friends and family expressing shock at the defendant's behavior, and (7) the defendant's motivations for committing the crime. *See Fairless*, 975 F.2d at 668; *Takai*, 941 F.2d at 743–44. In this case, only (3), (5) and (6) apply.

tion lacked planning or reflection. *See id.* Colace, by contrast, had plenty of opportunity to reflect on his criminal conduct during the two months he flouted the law. He chose banks in different counties because, by his own admission, he was too well known in his home town, a decision that reflects planning and forethought. He did not withdraw from his criminal life-style until he was arrested. He committed the separate crime of fleeing probation and, again, did not cease his lawlessness until he was arrested eight months later. As we said in *United States v. Green,* 105 F.3d 1321, 1323 (9th Cir.1997), "[w]hile we have not required that the behavior be a single spontaneous or thoughtless act involving no planning, we have to some extent relied on the concept of 'singularity or spontaneity.'" *See also United States v. Lam,* 20 F.3d 999, 1004 (9th Cir.1994) ("[C]alling a consistent criminal's behavior aberrant would be an oxymoron").

A single episode of criminal conduct, normally a single crime, is another sign that an aberrant behavior departure may be warranted. Only very rarely do we permit aberrant behavior departures when the defendant committed more than one criminal act. *See Lam,* 20 F.3d at 1003 (departure appropriate when defendant didn't know owning sawed-off shotgun was a crime, bought gun solely to protect pregnant sister in crime-ridden area, and only previous conviction was minor and totally unrelated); *Takai,* 941 F.2d at 743 (crimes—conspiracy to bribe an INS official and offering the official money—were "so closely related that for the purposes of deciding whether they were aberrant they constitute a single act."). Colace's case is nothing like *Lam* or *Takai:* Over a period of eleven weeks, he committed at least a dozen bank robberies, each requiring independent thought and planning, each putting a new set of victims in jeopardy, each yielding separate loot. And, there was his long flight from custody which, unlike the district court, we consider to be Colace's responsibility, not the government's. Considering all the circumstances, we believe no aberrant behavior departure was appropriate; not even close. *See United States v. Pierson,* 121 F.3d 560, 564 (9th Cir.1997) (no aberrant behavior departure when "criminal conduct reached a significant level of regularity and spanned a

considerable period of time."). The district court abused its discretion by holding that Colace's criminal conduct was aberrant. *See Koon v. United States,* —— U.S. ——, ——, 116 S.Ct. 2035, 2047, 135 L.Ed.2d 392 (1996) (sentencing departure decision reviewed for abuse of discretion). We therefore "set aside the sentence and remand the case for further sentencing proceedings with such instructions as [we] consider[ ] appropriate." 18 U.S.C. § 3742(f)(2)(B).

## IV

Colace was first arrested in July 1992. More than five years, two appeals and a long visit to Mexico later, the time is long past when he should have begun serving the sentence the law requires. We therefore order as follows: (1) The sentence imposed by the district court is vacated. (2) This case is remanded for assignment to another district judge for resentencing consistent with our opinion. (3) The mandate shall issue forthwith.

**REVERSED and REMANDED.**