133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salomino P. ROSAS, Defendant-Appellant.
 No. 97-50107.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Nov. 6, 1997.
Decided Dec. 19, 1997.
 
 Before: CANBY and THOMPSON, Circuit Judges, and MOLLOY**, District Judge.
 MEMORANDUM*
 * Salomino Rosas ("Rosas") was convicted on 15 counts of depositing stolen treasury checks with forged endorsements. He was convicted on 2 counts of possessing stolen checks. The parties stipulated that the checks in question were stolen. The sole issue at trial was whether Rosas knew that the checks were stolen.
 Rosas claims the trial court erred (1) in failing to grant a continuance, (2) in admitting prior crimes evidence, (3) in excluding evidence of Filipino custom, (4) in applying the sentencing enhancement for more than minimal planning, (5) in rejecting his plea for a downward departure, and (6) in applying the obstruction of justice enhancement. We reject all but the last of Rosas' contentions. The case is remanded for sentencing without the obstruction of justice enhancement.
 
 II.
 
 1
 "[T]he determination of whether a denial of a continuance constitutes an abuse of discretion turns largely upon the circumstances of the individual case." United States v. Flynt, 756 F.2d 1352, 59 (9th Cir.1985). Here, the trial judge was presented with a two-paragraph letter from Rosas' physician on the very eve of trial. The letter had no prognosis for Rosas' condition and offered no suggestion as to how Rosas' condition might be controlled on any future trial date. On the other hand, the trial judge had the opportunities to observe Rosas throughout the motions hearing. On the basis of his own observations, the judge ordered Rosas to appear for trial the next morning. Under these circumstances, the trial court's decision was not an abuse of discretion.
 
 III.
 
 2
 Rosa argues that evidence showing he deposited a stolen check issued by the Fluor corporation was improperly admitted under Rule 404(b). While the Fluor check was not part of the indictment, it was deposited within the same time frame as the other checks that were included in the indictment. For that reason, the check is proof directly relevant to offenses charged, and not "other crimes" evidence. See Ripinsky, 109 F.3d 1436, 1442 (9th Cir.1997) ("Evidence should not be treated as "other crimes" evidence, however, and may therefore he admitted for all purposes, when the evidence concerning the other act and the evidence concerning the crime charged are 'inextricably linked.' "). The district court did not err in admitting evidence of the Fluor check.
 
 
 3
 Evidence that Rosas and his wife fraudulently acquired an SBA loan by attaching tax returns for 1987-89 that were substantially different from their actual returns for those years is not too remote from and dissimilar to the changed conduct. Defendant's argument on this issue fails.
 
 
 4
 The SBA-loan evidence came in as impeachment on Rosas' cross-examination. Rosas was subject to questioning about specific instances of conduct "for the purpose of attacking or supporting [his] credibility...." Fed.R.Evid. 608(b). Remoteness may reduce the probative value of certain evidence, but it does not preclude its admission under Rule 608(b). United States v. Jackson, 882 F.2d 1444 1448 (9th Cir.1989).
 
 
 5
 Here, the SBA evidence was not remote. The SBA loan application was submitted a little more than a year before Rosas' deposit of the first stolen check listed in the indictment. The SBA evidence was proper impeachment proof, admitted by the trial court.
 
 IV.
 
 6
 Rosas argues he should have been allowed to prove the Filipino custom of "utamg nalo-ob "--doing business with a handshake on the basis of trust. The defense claimed Rosas was introduced to a phony investor by a Filipino friend. According to Rosas, he trusted his friend and relied on his friend's guarantee that the checks were legitimate. Defense counsel sought to introduce both expert and lay testimony on "utang nalo-ob."
 
 
 7
 Expert testimony is admissible if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. The trial court decided that the cultural trait evidence was not sufficiently related to the central issue in the case--whether Rosas knew the checks were stolen. We find no abuse of discretion in that decision.
 
 
 8
 Defense counsel also sought to introduce testimony from witnesses about specific instances where they loaned Rosas money on the basis of the "utang nalo-ob" custom. The district court refused to admit the evidence because it was irrelevant.
 
 
 9
 Furthermore, Rosas' "custom-of-trust" theory was presented to the jury. Rosas testified that he had "borrowed money from other people in the Philippine community without giving them a note, just on a promise to pay." His proof was uncontested. His lawyer argued to the jury that Rosas had been "betrayed" by other Filipinos and their abuse of his trust.
 
 
 10
 The exclusion of "utang nalo-ob" evidence was not prejudicial because it was adequately presented and argued to the jury based on lay witness testimony. We find no error in its exclusion.
 
 V.
 
 11
 Rosas raises various sentencing issues. First, he challenges the upward adjustment of two points for more than minimal planning. " 'More than minimal planning' " is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." U.S.S.G. § 1B1.1 n. (f). The offense conduct in this case took place over a five month period. It involved multiple deposits. The trial court did not err in its upward adjustment for more than minimal planning.
 
 
 12
 Rosas next objects that the trial court did not downward depart on the basis of (1) single aberrant act under U.S.S.G. Ch. 1, Part A p 4(d); (2) defendant's loss of business and poor health under U.S.S.G. § 5K2.0; (3) defendant's mitigating role in the offense under U.S.S.G. § 3B1.2.
 
 
 13
 Rosas argues that his conduct was a single aberrant act because he is a first offender and the charges stem from "a single course of ongoing conduct." Even assuming this issue is reviewable, Rosas' argument is unavailing in the light of United States v. Colace, 126 F.3d 1229 (9th Cir.1997).
 
 
 14
 In Colace, we observed that aberrant behavior is to some extent founded on the concept of "singularity or spontaneity." Id. at 1232. Further, we noted that "[o]nly very rarely do we permit aberrant behavior departures when the defendant committed more than one criminal act." Id. Under these standards, the district court did not err in finding that Rosas' behavior was not aberrant. The other downward departure issues identified by Rosas are left to the sound discretion of the sentencing court and are not reviewable on appeal. United States v. Webster, 108 F.3d 1156, 1158 (9th Cir.1997).
 
 
 15
 Lastly, Rosas objects to the district court's application of an upward adjustment of two points for obstruction of justice. Whether a defendant's conduct constitutes obstruction of justice is reviewed de novo. United States v. Morales, 977 F.2d 1330, 1331 (9th Cir.1992). The record suggests two possible bases for the district court's decision to impose tie obstruction of justice adjustment--either Rosas committed perjury, see USSG § 3C1.1 n. 3(b), or he provided materially false statements to a probation officer in respect to a presentence or other investigation for the court, see § 3C1.1 n. 3(h).
 
 1. Perjury
 
 16
 Rosas' defense was that he was duped by friends who exploited the Filipino custom of doing business by trust. He testified he never knew the checks were stolen. His credibility was central to the case. Just as clearly, the jury did not believe him. He stuck to his version of events after trial, and still denied any wrongdoing. He then received no reduction for acceptance of responsibility. Under these circumstances, USSG § 3C1.1 n. 1 is on point:
 
 
 17
 This provision is not intended to punish a defendant for the exercise of a constitutional right. A defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury), refusal to admit guilt or provide information to a probation officer, or refusal to enter a plea of guilty is not a basis for application of this provision. In applying this provision in respect to alleged false testimony or statements by the defendant, such testimony or statements should be evaluated in a light most favorable to the defendant.
 
 
 18
 Id. A defendant's denial of guilt does not warrant application of the adjustment for obstruction of justice unless it amounts to perjury. Id.
 
 
 19
 Perjury is "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or fault memory" under USSG § 3C1.1. United States v. Dunnigan, 507 U.S. 87, 94 (1993). Before applying the obstruction of justice enhancement, "a district court must review the evidence and make independent findings necessary to establish a willful impediment to, or obstruction of, justice, or an attempt to do the same...." Id. at 95. Preferably, "the district court [should] address each element of the alleged perjury in a separate and clear finding." Id. However, it is sufficient if the district court "makes a finding that encompasses all of the factual predicates for a finding of perjury." Id.
 
 
 20
 Here, even the presentence report (PSR) does not state unequivocally that the defendant lied on the stand. Nor does the district court specifically adopt the PSR's findings on this issue. The trial judge stated that he had "considerable questions" over Rosas' testimony. These findings do not encompass the factual predicates for a findings of perjury.
 
 2. Statements to Probation Officer
 
 21
 An obstruction of justice enhancement is warranted if a defendant provides "materially false information to a probation officer in respect to a presentence or other investigation for the court." USSG § 3C1.1 n. 3(h); United States v. Magana-Guerrero, 80 F.3d 398 (9th Cir.1995). The PSR stated that the obstruction of justice Enhancement applied to Rosas on this ground. The PSR lists certain of Rosas' testimony at trial that Rosas reiterated in his PSR interview. The PSR concludes that "[i]n light of the evidence against these assertions, it appears the defendant did provide materially false information to the Probation Officer."
 
 
 22
 "[A] lie is 'material' where 'if believed,' it would tend to influence or affect the issue under determination." Magana-Guerrero, 80 F.3d at 400 (quoting USSG § 3C1.1 n. 5). In contrast, Rosas statements to the Probation Officer were reiterations of his position at trial, and were not material to sentencing. The record does not support an obstruction of justice enhancement on either ground--perjury or providing false statements to a probation officer. We therefore vacate the sentence and remand for resentencing without the obstruction of justice enhancement.
 
 
 
 **
 The Honorable Donald W. Molloy United States District Judge for the District of Montana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-2