**UNITED STATES of America,**
**Plaintiff—Appellant,**

v.

**Robin Leo IRON, Defendant—Appellee.**

No. 01–30447.
D.C. No. CR–98–00112–JDS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2003.

Decided April 18, 2003.

Before BRUNETTI, T.G. NELSON, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Robin Iron was found guilty of second-degree murder under 18 U.S.C. §§ 1153 and 1111 and sentenced to 97 months imprisonment. The sentence included a three-level reduction for acceptance of responsibility. The government appealed to this court, and we held:

> "Nevertheless, we do not believe that the reduction for acceptance of responsibility was appropriate for the simple fact that the defendant never accepted responsibility for his actions. We do believe, however, that the district court should have another opportunity to evaluate defendant's behavior—which was quite helpful to the investigators—to determine whether a reduction on another ground is appropriate."

*United States v. Iron*, 13 Fed. Appx. 630 **4 (9th Cir.2001) (unpublished). On remand, the district court judge sentenced Iron to 60 months imprisonment, which included a reduction of two levels for acceptance of responsibility and a six-level departure for aberrant behavior. The government appeals Iron's resentencing on the grounds that the district court exceeded the scope of the remand from this court. We reverse the two-level reduction for acceptance of responsibility and affirm the six-level departure for aberrant behavior.

█ The appellate court's decisions of law must be followed in subsequent proceedings on the same case. *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir.1993). We previously held that Iron did not accept responsibility for his murder conviction, and, therefore, a three-level acceptance of responsibility reduction to his sentence was inappropriate. We remanded for a resentencing hearing and determination as to whether *another* ground for a reduction was appropriate. Since Iron did not present any new evidence at his resentencing hearing that he had accepted responsibility, he is not entitled to the two-level reduction granted on that ground on remand. *See Lindy Pen Co. Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1404 (9th Cir.1993) (citing *Waggoner v. Dallaire*, 767 F.2d 589, 593 (9th Cir.1985)). We therefore reverse the two-level reduction for acceptance of responsibility.

█ The language in the remand, however, did leave open the possibility for the resentencing judge to consider Iron's behavior, "which was quite helpful to the investigators." *Iron*, 13 Fed. Appx. at **4. Our previous order allowed the district court to reevaluate a departure to Iron's sentence based on his behavior. The district court found that a six-level downward departure for aberrant behavior was appropriate. Since the departure was within our mandate, the district court's decision to depart from the guidelines is reviewed for abuse of discretion. *United States v. Williams*, 291 F.3d 1180, 1191 (9th Cir. 2002). The district court judge did not abuse his discretion when he found that Iron's behavior met the factors for aberrant behavior. *See United States v. Colace*, 126 F.3d 1229, 1231–32 and 1231, n. 2 (9th Cir.1997). We affirm the district court's six-level downward departure for aberrant behavior.

We remand to the district court only for the limited purpose of recalculating Iron's sentence without the two-level reduction for acceptance of responsibility. The district court shall adjust the Sentencing Guideline offense level appropriately without considering any other issues and apply a sentence within the guideline range

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

reached when the two-level acceptance of responsibility reduction is not included in the calculation. No other aspect of Iron's sentence may be considered on remand.

REVERSED in part, AFFIRMED in part, and REMANDED to recalculate the sentence.