**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50528 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00169-GW-1 |
| v. | |
| JERRON JOHNS, AKA Japs, AKA Jerron David Johns, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted March 8, 2011
Pasadena, California

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Jerron Johns appeals the twenty-year mandatory minimum sentence imposed

under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) following his guilty plea to

distribution of crack cocaine with a prior felony drug conviction.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

While this appeal was pending, President Obama signed into law the Fair Sentencing Act, which increased the quantity of crack cocaine required to trigger mandatory sentences under § 841(b)(1). *See* Pub. L. No. 111-220, 124 Stat. 2372. Johns asks that we vacate his sentence with instructions for resentencing pursuant to the Act. We reject his arguments for the reasons set forth in the opinion that we issue today in *United States v. Baptist*, 09-50315.

Johns also contends that the district court's written judgment imposing a $100 assessment should be amended to comply with oral sentencing, which did not include the $100 assessment. The court's failure to impose the assessment at his oral pronouncement was clear error, however, because it is statutorily mandated for convictions under 21 U.S.C. § 841. "[W]hen the oral sentence is illegal, the correction procedure of [Federal] Rule [of Criminal Procedure] 35(c) applies and the correction supersedes the erroneous oral sentence." *United States v. Colace*, 126 F.3d 1229, 1231 (9th Cir. 1997) (citing *United States v. Edmonson*, 792 F.2d 1492, 1496 n.4 (9th. Cir. 1986) ("There can be no expectation of finality as to sentences that are illegal and are thus always subject to modification under Rule 35(a).")). Imposition of the $100 assessment was therefore proper.

**AFFIRMED.**