**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30079 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00018-SEH-1 |
| v. | |
| RONALD RANDOLF JOHNSON, | ORDER[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted December 12, 2014[**]
Seattle, Washington

Before:  McKEOWN, TALLMAN, and OWENS, Circuit Judges.

Defendant Ronald Randolf Johnson appeals the twelve-month sentence

imposed following his guilty plea to one count of acquiring or obtaining possession

of a controlled substance by deception in violation of 21 U.S.C. § 843(a)(3).  He

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

further challenges the condition of supervised release imposed as part of his sentence requiring that he not possess a controlled substance under any circumstances, even with a doctor's prescription.

In his plea agreement, Johnson waived his right "to appeal the reasonableness of the sentence, including conditions of probation or supervised release, if the defendant has no objection to the calculation of the guidelines and the sentence imposed is within or below the range provided for by that calculation." We recognize that the distinction between an objection to the calculation of the Guidelines range and a request for a downward departure from that range may not always be clear to defendants. In light of potential ambiguity, we suggest that the United States Attorney's Office consider using more precise language in its appellate waivers regarding this distinction. However, in this case Johnson was specifically admonished that his Guidelines range was six to twelve months' imprisonment, and he did not object to this calculation. The sentence imposed was within the calculated Guidelines range, and thus Johnson unambiguously waived the right to bring this appeal.

The waiver, however, does not preclude Johnson from bringing an appeal on the basis that the sentence "exceeds the permissible statutory penalty for the crime or violates the Constitution." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir.

2007). Johnson argues that the condition of supervised release prohibiting him from possessing lawfully prescribed controlled substances violates his constitutional right to due process because it imposes a burden on a significant liberty interest without an "explicit, specific finding" on a "medically-informed record" that the condition is reasonably necessary. *See United States v. Williams*, 356 F.3d 1045, 1056 (9th Cir. 2004). We need not reach this argument, however, because the orally imposed condition was corrected by the written judgment, which allows Johnson to possess lawfully prescribed medication. *See United States v. Colace*, 126 F.3d 1229, 1231 (9th Cir. 1997) (citing Fed. R. Crim. P. 35(c), presently codified at Fed. R. Crim. P. 35(a)).

DISMISSED.