**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50063 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-02215-CAB-1 |
| v. | |
| ANTONIO ALBA-ROMERO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted February 17, 2021[**]

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Antonio Alba-Romero appeals from the district court's judgment and challenges the 12-month term of supervised release imposed following his guilty-plea conviction for attempted unlawful entry by an alien, in violation of 8 U.S.C. § 1325, and attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Contrary to Alba-Romero's contention, the district court's oral announcement of a three-year term of supervised release does not require remand. While he is correct that the supervised release term could not exceed one year, *see* 18 U.S.C. §§ 3581(b)(5) and 3583(b)(3), the district court properly corrected its "clear error" by imposing a one-year term in the written judgment. *See* Fed. R. Crim. P. 35(a); *United States v. Colace*, 126 F.3d 1229, 1231 (9th Cir. 1997). Alba-Romero's presence was not required for that correction. *See* Fed. R. Crim. P. 43(b)(4).

Alba-Romero also argues that the district court procedurally erred by imposing a term of supervised release. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court determined supervised release would provide an additional measure of deterrence given Alba-Romero's immigration history and family ties to the United States. *See* U.S.S.G. § 5D1.1 cmt. n.5. Contrary to Alba-Romero's argument, the district court did not rely on any clearly erroneous findings of fact in reaching that conclusion. On this record, Alba-Romero has not shown a reasonable probability of a different sentence absent the cumulative impact of the district court's alleged procedural errors in imposing supervised release. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir.

20-50063

2008); *see also United States v. Necoechea*, 986 F.2d 1273, 1282-83 (9th Cir.

1993) (cumulative impact of possible plain errors is reviewed for plain error).

**AFFIRMED.**