NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10176 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00450-TLN-2 |
| v. | |
| PYOTR BONDARUK, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted November 16, 2022**
San Francisco, California

Before: S.R. THOMAS and BENNETT, Circuit Judges, and LASNIK,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

Pyotr Bondaruk challenges the 71-month sentence imposed on resentencing following his convictions for conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349, making false statements to a federally insured financial institution in violation of 18 U.S.C. § 1014, and money laundering in violation of 18 U.S.C. § 1957. The district court sentenced him to 71-months at his original sentencing hearing. We affirmed the conviction but vacated the sentence and remanded to the district court for "resentencing considering the factors relevant to a minor role adjustment under Sentencing Guidelines § 3B1.2(b), comment, n.3(c)." *United States v. Palamarchuk*, 791 Fed. App'x 658, 663 (9th Cir. 2019). The district court again imposed a 71-month sentence at resentencing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

Bondaruk contends that the district court procedurally erred at resentencing by (1) relying on erroneous facts regarding his restitution obligations; (2) improperly considering his status as a lifetime sex offender; and (3) failing to adequately explain the sentence. We review for plain error, *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. While the record shows that initially the court incorrectly believed restitution claims existed, this misapprehension was corrected by the government during the sentencing hearing. Furthermore, as the district court could have adjusted the sentence after learning that

no restitution claims existed, but chose not to, Bondaruk cannot establish plain error. *See United States v. Ochoa*, 809 F.3d 453, 458 (9th Cir. 2015) (explaining that district courts may "alter a sentence" during a hearing in response to "evolving circumstances during sentencing hearings"); *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (To establish plain error, defendant must show a "reasonable probability" that he would have received a different sentence absent the error.). Bondaruk's sex offender status was a valid fact for the court to consider in selecting the sentence. *See* 18 U.S.C. § 3553(a)(1) (instructing courts to consider the "history and characteristics" of the defendant at sentencing). Finally, the record reflects that the court considered the relevant 18 U.S.C. § 3553(a) factors and adequately explained its reasons for the sentence. *See United States v. Carty*, 520 F.3d 984, 992–96 (9th Cir. 2008) (en banc).

Bondaruk next contends that the sentence is substantively unreasonable. The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). The district court did not abuse its discretion in considering Bondaruk's criminal history and role in the offense, even when those factors were already reflected in the Guidelines range. *See United States*

3

*v. Dunn*, 728 F.3d 1151, 1160 (9th Cir. 2013); *United States v. Christensen*, 732 F.3d 1094, 1100–01 (9th Cir. 2013).

Finally, Bondaruk contends that the district court erred by orally ordering restitution at the resentencing hearing. We again review for plain error, *United States v. Begay*, 33 F.4th 1081, 1096 (9th Cir. 2022) (en banc), and find none. It is true that the district court likely erred in verbally ordering general restitution (without specifying victims or amount) after learning that there were no existing or expected restitution claims. *United States v. Doe*, 374 F.3d 851, 854 (9th Cir. 2004) (explaining that the Mandatory Victims Restitution Act (MVRA) "specifically makes an order of restitution contingent on the identification of specific victims"). However, the district court's written judgment, which did not contain a restitution order, superseded the court's oral order at the resentencing hearing. *United States v. Colace*, 126 F.3d 1229, 1231 (9th Cir. 1997) ("[W]hen the oral sentence is illegal, the correction procedure of [Federal] Rule [of Criminal Procedure] 35(c) applies, and the correction supersedes the erroneous oral sentence."). Thus, Bondaruk's arguments that the oral restitution order was invalid under the MVRA are unavailing as the oral order was superseded by the written order, which did not include a restitution order. Additionally, Bondaruk's challenge fails under plain error review because he has not shown that the alleged error affected his substantial rights, as he has not been ordered to pay any amount in restitution. *See Ameline*, 409 F.3d at

4

1078. Finally, the procedural arguments raised by Bondaruk are foreclosed by this court's precedent. *See United States v. Moreland*, 622 F.3d 1147, 1171–72 (9th Cir. 2010) (finding MVRA deadlines are procedural rather than jurisdictional and finding no reversible error where restitution order was imposed for the first time at defendant's resentencing hearing).

**AFFIRMED.**